# Donaldson v. Wilkerson, et al.

### Assumpsit.

(Decided May 20, 1915.   68 South. 812.)

*Attachment; Claim; Bond; Liability.*—Where a claim bond given under § 2955, Code 1907, by a stranger to the action, and not by defendant, recited that such stranger was the defendant and was conditioned as for an action against him, and not as for one against the real defendant, a recovery could not be had upon such a bond, whether treated as a statutory bond, or a common law obligation, by showing that the real defendant had failed in the suit instituted against him, as this showed no breach of the bond.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by M. E. Donaldson against E. L. Wilkerson and another, on a replevy bond. Judgment for defendants, and plaintiff appeals. Affirmed.

The case made by the complaint is that plaintiff in this suit prayed a writ of attachment against the property of J. H. Wilkerson, returnable, etc., and the writ was levied upon the property of said J. H. Wilkerson, as follows: (Here follows description of certain chattels.) That said E. L. Wilkerson made a replevy bond for said property with A. M. Farris and the other parties named as sureties on said bond, and the same was approved by the sheriff and duly filed. That defendants agreed in said replevy bond that, if defendant should fail in said suit, they would return the property to the sheriff of Coffee county. The further allegation is made that defendant failed in suit, and these defendants here have failed and refused to return and deliver the property. The bond is conditioned on the issuance of a writ of attachment at the suit of M. E. Donaldson against the estate of the above-bound E. L. Wilkerson on his entering into this bond, and the bond provides that if defendant fail in his action, and shall return the property within 30 days after judgment, then the bond is to be void, otherwise to remain in full force and effect.

J. A. CARNLEY, for appellant.

W. W. SANDERS, for appellee.

MAYFIELD, J.—The action is on a replevy bond, given in an attachment suit, as is authorized by section 2955 of the Code of 1907. The property was not replevied by the defendant, but by a stranger, as the statute authorizes. The bond, however, recited that this

stranger was the defendant, and was conditioned as for an action against the stranger, and not as for one against the real defendant.

A judgment was offered in evidence, showing that the real defendant had failed in the attachment suit, and that the property replevied had not been returned within 30 days from the rendition of that judgment. There was no evidence that the stranger who replevied the property, and who was designated in the bond as defendant, had failed in any suit. The trial court gave the affirmative charge for the defendants, which resulted in a judgment accordingly, from which judgment the plaintiff prosecutes this appeal.

We are of the opinion that the trial court ruled correctly. There could be no recovery on the bond sued on, for the reason that no breach thereof was shown. It may be that the bond should have recited that it was given in a suit against the real defendant, and not in a suit against the stranger who replevied the property. It may also be true that the bond should have been conditioned upon the failure of the real defendant, and not upon the failure of the stranger who replevied the property; but the answer to this is that the bond was not so written and did not so provide and that the court could not reform it in this suit, nor give effect to it as if it had been properly so conditioned.

It is contended by appellant that, though the bond may not be effective as a statutory replevy, yet it may be given effect as a common-law obligation. This is true as to many bonds or obligations, intended as statutory bonds, but which for some reason fail to be effective as statutory bonds, but do impose common-law obligations which may be given effect in actions thereon against the principals and sureties. This principle, however, cannot aid the plaintiff in this action, because

he does not show a breach of the condition of the instrument, whether it be a statutory bond or a common-law obligation.

Whatever remedy, if any, the plaintiff may have, it is not an action on this bond, of which, as it now appears, there has been no breach.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.